United States District Court
Southern District of Texas

**ENTERED**

April 08, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and JAFEC USA, INC., | § § § § | |
| *Plaintiffs*, | § § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-4717 |
| | § | |
| TRINITY LOGISTICS, INC. and MD GLOBAL FREIGHT, INC., | § § § § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Defendant Trinity Logistics, Inc's 12(b)(6) Partial Motion to Dismiss. (Doc. No. 14). Plaintiffs did not respond to the motion, and the time to do so has since passed. For the following reasons, the Court **GRANTS** the motion.

### I.    BACKGROUND

Plaintiffs Travelers Property Casualty Company of America as subrogee of JAFEC USA, Inc. ("Travelers") and JAFEC USA, Inc. ("JAFEC") (collectively, "Plaintiffs") brought this case against Defendants Trinity Logistics, Inc. ("Trinity") and MD Global Freight, Inc. ("MD Global"), alleging damage to a shipment of cargo. (Doc. No. 11 at 1).[1] According to the First Amended Complaint, Plaintiff JAFEC entered into a rental agreement with Saiga Machinery Rental & Trading Inc. for a specific crane, which included a Boom Tip Assembly. (*Id.* at 2). JAFEC subsequently entered into a Bill of Lading agreement with Trinity to transport the rented Boom Tip Assembly from California to Port Isabel, Texas. (*Id.*). Trinity then subcontracted the transportation to MD Global, a trucking company. (*Id.*). At some point on its journey, the Boom

---

[1] The facts described herein are alleged in Plaintiffs' Amended Complaint (Doc. No. 11) and are taken as true for purposes of the Motion to Dismiss.

Tip Assembly sustained significant damage, which caused JAFEC to incur losses valued at over two million dollars, which included the repair of the Boom Tip Assembly. (*Id.*).

Travelers had issued an insurance policy to JAFEC which was in full force and effect on the date of the loss. (*Id.* at 3). Travelers paid indemnity payments to and on behalf of JAFEC, resulting in Travelers' status as a subrogee and real party in interest to this suit. (*Id.*). JAFEC claims it incurred damages that were not covered or reimbursed under the relevant Travelers policy. (*Id.*).

As a result, Plaintiffs filed this lawsuit in the 125th Judicial District Court of Harris County, Texas, alleging claims against Trinity for negligence, negligent entrustment, breach of contract, breach of warranty, and asserting a claim under the Carmack Amendment. (Doc. No. 1 at 1); (Doc. No. 11). Trinity removed the case to this Court pursuant to federal question jurisdiction. (Doc. No. 1 at 2). Trinity then filed a motion to dismiss (Doc. No. 2), but before the Court ruled on that motion, Plaintiffs filed their First Amended Complaint. (Doc. No. 11). Trinity then filed the present 12(b)(6) Partial Motion to Dismiss, (Doc. No. 14), which is now ripe for resolution.

## II.   LEGAL STANDARD

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

2

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III.  ANALYSIS

Trinity asks the Court to dismiss Plaintiffs' negligence, negligent entrustment, breach of contract, and breach of warranty causes of action, arguing that each of these claims is preempted by the Carmack Amendment. (Doc. No. 14 at 4).

The Carmack Amendment represents Congress' intent to create a national scheme to govern interstate carriers' liability for property loss. *See New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); 49 U.S.C.A. § 14706. The Carmack Amendment "provide[s] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). "[T]he Carmack Amendment preempts any common law remedy that increases . . . liability beyond the actual loss or injury to the property, unless the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998) (internal quotation omitted). It is well-established

in this circuit that state law claims such as negligence, breach of contract, and breach of express and implied warranty seeking damages for losses arising out of the interstate shipment of goods by a carrier under a bill of lading are preempted by the Carmack Amendment. *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993) (holding that claims brought in Texas state court for breach of contract, breach of implied warranty, breach of express warranty, negligence and gross negligence, *inter alia*, were preempted by the Carmack Amendment); *Hoskins*, 343 F.3d at 777.

Here, Plaintiffs state law remedies do not allege injuries separate and apart from those resulting directly from the loss of the shipped property. As to the negligence claim, Plaintiff claims Trinity's failure to properly handle and ship the Boom Tip Assembly resulted in its damage and the resulting repair costs. (Doc. No. 11 at 3–4). Regarding the negligent entrustment claim, Plaintiff alleges that Trinity knew or should have known that MD Global was not competent to transport the Boom Tip Assembly, and that its negligence caused damage to the Boom Tip Assembly. (*Id.* at 4). As to the breach of contract claim, Plaintiffs seek damages for the failure to ensure the Boom Tip Assembly was in the same condition when it was initially loaded. (*Id.* at 5). Finally, Plaintiffs seek identical damages for the damage to the Boom Tip Assembly under its breach of express and implied warranty claim. (*Id.* at 5). All of Plaintiff's alleged damages stem from the damage to the Boom Tip Assembly and the resulting cost of repair. (Doc. No. 11 at 2, 6–7). Accordingly, each of Plaintiff's state law claims, which are attempting to increase liability "beyond the actual loss or injury to the property," are preempted by the Carmack Amendment. *Morris*, 144 F.3d at 382.

## IV.    CONCLUSION

For the foregoing reasons, Trinity's Motion to Dismiss (Doc. No. 14) is **GRANTED**. Plaintiff's claims against Trinity for negligence (Count 1), negligent entrustment (Count 2), breach

of contract (Count 3), and breach of warranty (express and implied) (Count 4) are **DISMISSED** with prejudice.

It is so ordered.

Signed on this the ___8___ day of April, 2026.

_____

Andrew S. Hanen
United States District Judge